EDWARD HOOPER v. R. V. GREWELL ET AL.

FILED APRIL 11, 1893. No. 4847.

Negotiable Instruments: BONA FIDE PURCHASER: EVIDENCE: REVIEW. Where undisputed proof showed a want of consideration for a promissory note, and the proof fails to clearly establish the fact that the plaintiff was a *bona fide* purchaser for value before maturity, a verdict and judgment in favor of the defendant will not be set aside.

ERROR from the district court of Hall county. Tried below before HARRISON, J.

*Abbott & Caldwell,* for plaintiff in error.

*Hastings & McGintie* and *Thummel & Platt, contra.*

MAXWELL, CH. J.

On the 2d day of January, 1889, the defendant Grewell made and delivered a promissory note as follows:

"$90.        PLEASANT HILL, Jan. 2, 1889.

"Six months after date I promise to pay to the order of P. Janss, M. D., ninety dollars, at Grand Island, Nebraska, value received, with interest at 10 per cent per annum.        R. V. GREWELL."

There is an indorsement on the note of $15, February 9, 1889. The plaintiff alleges in his petition that he purchased the same before due for a valuable consideration. Grewell filed an answer as follows:

"Said R. V. Grewell, defendant, for answer to plaintiff's petition herein, says that true it is that this defendant on or about January 2, 1889, executed and delivered to the defendant P. Janss, M. D., his certain promissory note in writing of that date for the sum of $90, payable six months after date; that said promissory note, so made and delivered by this defendant, did not provide for the payment of any interest thereon, and was not drawn in the terms alleged in the said plaintiff's petition; and if the said note, signed and delivered by this defendant, now provides for the payment of ten per cent interest thereon, as alleged in said petition, then the said note has been falsely and fraudulently forged and altered, and the said note mentioned and described in plaintiff's petition was never signed or delivered by this defendant to any person whomsoever.

"2. This defendant denies that said promissory note, so

executed and delivered by him as aforesaid to the said P. Janss, was, before the maturity thereof, sold, indorsed, assigned, or transferred by the said Janss to said plaintiff for value, and denies the said plaintiff's purchase of the same, and denies that he, the said plaintiff, paid any value therefor, and denies that the said plaintiff is now the owner and holder of the said promissory note.

"3. This defendant, further answering, says that said promissory note for the sum of $90, given by this defendant as aforesaid to P. Janss, on or about January 2, 1889, was so given by this defendant on express agreement with the said P. Janss, M. D., that he, the said Janss, should treat medically the wife of this defendant for the period of six months for certain nervous effects and illness, to remove the effect of some severe shocks which this defendant's wife had sustained previously thereto, and that said treatment should be continued by the said Janss for the full .space of six months, and if the defendant's wife aforesaid should not by that time become entirely well and cured, that the defendant Janss would continue said treatment till such time as defendant's wife should become entirely sound and well and cured, or should desire no further treatment from the said defendant P. Janss. And it was further agreed between this defendant and said defendant Janss that this defendant should pay to the said Janss for each month of such treatment the sum of $15, and that the same should be indorsed on the said note, and at the end of the said six months aforesaid the same should be fully paid. And the said defendant Janss did not treat this defendant's wife as had been agreed between the said parties, and did in fact treat her only during a single month after the giving of the said promissory note, for which month the sum of $15 was duly paid by this defendant, as .was by the said parties' agreement provided as aforesaid. And after the said time said defendant Janss wholly failed and neglected and refused to treat the said wife of this de-

fendant, and wholly failed and neglected and refused to send any medicine or in any manner to carry out and fulfill his said agreement with this defendant, whereby the consideration for the said note has wholly failed, and there is no amount due thereon to the said plaintiff or any other person whomsoever.

" 4. That the said plaintiff had full and actual knowledge and notice that the said promissory note was given as aforesaid without consideration received by this defendent long before the alleged purchase of the said promissory note by the plaintiff.

"Wherefore, this defendant asks judgment for costs."

The reply is a general denial. Janss was sued as indorser. The record, however, fails to show that he was served with summons. On the trial of the cause the jury returned a verdict in favor of Grewell, upon which judgment was rendered. It appears that the note in suit was given to Janss under the following agreement:

"PLEASANT HILL, Jan. 2, 1889.

" Received of R. V. Grewell $—— and a note for $90, for which I agree to treat Mrs. Grewell for six months, and if not cured at the expiration of that time I agree to treat her until cured, or so long as she may desire treatment, without extra charge. Mr. Grewell agrees to pay $—— monthly, to be indorsed on said note, and promises to give me timely notice if more medicine is desired, so as to enable me to supply same, and also prompt notice of any change of symptoms or of any change in the effect produced by such medicine. The medicine and appliances to be sent by express.          P. JANSS."

The proof is that he made one visit after the note was executed, for which he was paid $15. He also sent medicine twice. What, if anything, this medicine was worth does not appear. It is also proved that the plaintiff signed Janss' note for the sum of $3,000, as surety at a bank

in Grand Island; that Janss promised to place notes to the amount of $7,000 in the bank as collateral security for the plaintiff; that notes for a very large amount were placed there for that purpose, but whether the note in suit was placed in the bank at the time the note for $3,000 was signed is not clearly shown nor perhaps is it material. It also appears that more than $2,000 was collected on these notes, but Janss was permitted to receive about $1,300 of the amount so collected. We are led to believe that the plaintiff was anxious to accommodate, if not aid, Janss, and therefore did not insist on a stringent application of the proceeds of the notes to the payment of the one in the bank. The plaintiff claims to be an innocent purchaser of the note in suit, but the proof fails to satisfactorily establish that fact, and the judgment is affirmed. Sufficient facts are alleged in the petition to entitle the plaintiff to a judgment by default against Janss, and if the records in the court below show either service or an appearance, it is probable that such judgment, upon a proper showing, might be rendered even now, but it cannot affect the verdict against the plaintiff in error.

AFFIRMED.

THE other judges concur.